UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



JUDGE GARDEPHE

SENIOR LIVING OPTIONS, INC. AND MELROSE
AVENUE ASSOCIATES, L.P,

11 CIV 1791

Plaintiffs,

v.

Civil No.:

ILLINOIS UNION INSURANCE COMPANY,

Defendant.

RECEIVED
MAR 15 2011
U.S.D.C. S.D. N.Y.
CASHIERS

## NOTICE OF REMOVAL

Under 28 U.S.C. §§ 1441 and 1446, the action entitled *Senior Living Options, Inc. and Melrose Avenue Associates, L.P. v. Illinois Union Insurance Company*, commenced in the Supreme Court of the State of New York for the County of Bronx under Index No. 301310/11, is hereby removed by Illinois Union Insurance Company ("Illinois Union") to the United States District Court for the Southern District of New York.

In support of its notice of removal, Illinois Union respectfully states:

1.     Senior Living Options, Inc. ("Senior Living") and Melrose Avenue Associates, L.P. ("Melrose") commenced an action against Illinois Union by filing a summons and complaint in New York State Supreme Court, Bronx County, on or about February 14, 2011. A copy of Senior Living's and Melrose's summons and complaint is attached as **Exhibit A**.

2.     Senior Living and Melrose served the summons and complaint on Illinois Union through the New York State Insurance Department. The New York State Insurance Department acknowledged service of the summons and complaint on February 16, 2011. A copy

of the New York State Insurance Department's acknowledgement of service of summons and complaint is attached as **Exhibit B**.

3.     Illinois Union received notification from the New York State Insurance Department of service of the summons and complaint on February 28, 2011. *See* Exhibit B.

4.     Thus, Illinois Union was served with the summons and complaint through the New York Secretary of State no earlier than February 16, 2011 and actually received it no earlier than February 28, 2011. This Notice of Removal is being filed and served within 30 days of both service and receipt of the summons and complaint.

5.     A copy of the written notice required by 28 U.S.C. § 1446(d), addressed to Senior Living, Melrose, and the Clerk of the Supreme Court, Bronx County, is attached as **Exhibit C**. It will be filed in the Supreme Court, Bronx County, and served on Senior Living and Melrose after the filing of this Notice of Removal.

### The Declaratory Judgment Action

6.     In their declaratory judgment action against Illinois Union, Senior Living and Melrose seek a declaration of the rights and obligations of parties to an insurance contract.

7.     The insurance policy at issue (the "Policy") was issued by Illinois Union to Joy Construction, Inc. ("Joy Construction"), a contractor allegedly retained by Senior Living and Melrose to perform work at a Bronx, New York jobsite (the "jobsite").

8.     Joy Construction allegedly contracted with Ro-Sal Plumbing & Heating, Inc. ("Ro-Sal") to perform work at the jobsite. Baye Nyaide, an employee of Ro-Sal, claims that he sustained injuries on February 6, 2006 while working at the jobsite. In 2007, Mr. Nyaide sued

Senior Living and Joy Construction in New York State Supreme Court, Bronx County (the "Underlying Lawsuit").

9.      Upon information and belief, Mr. Nyaide seeks damages in the Underlying Lawsuit in excess of $75,000, exclusive of interest and costs.

10.      Senior Living and Melrose claim they are entitled to additional insured status under the Policy and seek insurance coverage for the defense and indemnification of the Underlying Lawsuit.

### Jurisdiction Exists Under 28 U.S.C. § 1332

11.      This Notice of Removal is filed under 28 U.S.C. § 1441 on the grounds that it is a civil action over which this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) because complete diversity exists between plaintiffs, Senior Living and Melrose, and defendant, Illinois Union, and because the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

### The Parties Are Diverse

12.      In its verified complaint, Senior Living alleges that it is a business entity doing business in New York State. *See* Exhibit A at ¶1. Records filed with the New York State Department of State, Division of Corporations, indicate that Senior Living is a New York State not-for-profit corporation with its principal place of business in New York County. *See* Exhibit D (Entity Information, New York State Department of State, Division of Corporations).

13.      In its verified complaint, Melrose alleges that it is a business entity doing business in New York State. *See* Exhibit A at ¶1. Records filed with the New York State

- 3 -

Department of State, Division of Corporations, indicate that Melrose is a New York State corporation with its principal place of business in New York County. *See* Exhibit E (Entity Information, New York State Department of State, Division of Corporations).

14. Illinois Union is now, and was at the time Senior Living and Melrose commenced their declaratory judgment action against Illinois Union, a corporation organized and existing under the laws of Illinois with its principal place of business in Illinois. Thus, Illinois Union is a citizen of Illinois for purposes of 28 U.S.C. § 1332(c)(1).

15. Accordingly, there is complete diversity of citizenship between the plaintiffs and the defendant.

### The Amount in Controversy Exceeds $75,000

16. This Court also has subject-matter jurisdiction because the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a).

17. Specifically, in its action against Illinois Union, Senior Living and Melrose seek a declaration of insurance coverage under the Policy, including payment for past and all ongoing defense costs. In addition, both Senior Living and Melrose seek indemnity, costs, and disbursements under the Policy. The limit of the Illinois Union Policy is $1,000,000 per occurrence and $2,000,000 in the aggregate.

18. Moreover, in the Underlying Lawsuit for which Senior Living and Melrose seek defense and indemnification under the Policy, Mr. Nyaide alleges that he sustained severe bodily injury and seeks damages for past and future medical expenses, lost wages, pain,

and suffering under the New York Labor Law. Upon information and belief, the alleged injuries are substantial and, upon information and belief, will exceed $75,000. Accordingly the amount in controversy exceeds $75,000, exclusive of interest and costs.

19.     Illinois Union has enclosed a Civil Cover Sheet and a check in the amount of $350.00 for the required filing fee.

WHEREFORE, Defendant, Illinois Union, removes this action, currently pending in the Supreme Court of the State of New York, Bronx County, Index No. 301310/11, to this Court and requests that the United States District Court for the Southern District of New York assume complete jurisdiction over this action and exclude any further proceedings in the New York State Supreme Court.

Dated:      Buffalo, New York
            March 15, 2011

                        **HODGSON RUSS** LLP
                        *Attorneys for Defendant*
                        *Illinois Union Insurance Company*


                        By:  ___*Alba Alessandro*_____
                             Alba Alessandro (AA 0048))
                             aalessandro@hodgsonruss.com
                             Kathleen M. Kaczor (KK 6754)
                             kkaczor@hodgsonruss.com

                             The Guaranty Building
                             140 Pearl Street, Suite 100
                             Buffalo, New York 14202-4040
                             (716) 856-4000

TO:     **SMITH MAZURE DIRECTOR WILKINS**
        **YOUNG & YAGERMAN, P.C.**
        *Attorneys for Plaintiffs Senior Living Options, Inc.*
        *and Melrose Avenue Associates, L.P.*
        111 John Street, 20th Floor
        New York, New York  10038-3198
        (212) 964-7400

EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

------------------------------------------X

SENIOR LIVING OPTIONS, INC. and MELROSE
AVENUE ASSOCIATES, L.P.,

                        Plaintiff,

          -against-

ILLINOIS UNION INSURANCE COMPANY, *2-16-2011*

*C/O SUP'J OF INSURANCE*       Defendants.    *DC*
*25 BEAVER ST (4FL)*
*N Y N Y*

------------------------------------------X

*Date Filed:*         3 0 1 3 1 0/*11*

**SUMMONS**       FEB 1 4 2011

Index No.
*Plaintiff designates*
*County of Bronx as the*
*place of trial*

*The basis of venue is*
*plaintiffs' place of*
*business*

__TO THE ABOVE-NAMED DEFENDANTS:__

     **YOU ARE HEREBY SUMMONED,** to answer the Complaint of the Plaintiffs, SENIOR LIVING OPTIONS, INC. AND MELROSE AVENUE ASSOCIATES, L.P., herewith served upon you and to serve copies of your answer on the attorney for Plaintiffs at its address stated below.

     If this Summons was personally served upon you in the State of New York, the Answer must be served within twenty (20) days after such service, excluding the date of service. If the Summons was not personally delivered to you within the State of New York, the answer must be served within thirty (30) days after service of the Summons is complete as provided by law.

     If you do not serve an Answer to the attached Complaint within the applicable time limitation stated above, a judgment may be entered against you, by default, for the relief demanded in the

RECEIVED

FEB 2 8 2011

ACE INCOMING LEGAL

Complaint.

Dated: New York, New York
       February 10, 2011

                    *Yours, etc.,*

                    **SMITH MAZURE DIRECTOR WILKINS
                    YOUNG & YAGERMAN, P.C.
                    Attorneys for Plaintiff
                    Senior Living Options, Inc. and Melrose
                    Avenue Associates, L.P.
                    111 John Street, 20th Floor
                    New York, New York 10038-3198
                    (212) 964-7400
                    Our File No.  ZUR-01604.1/LMC**

**<u>Defendant's Address for Service:</u>**

**<u>Via Process Server</u>**

Illinois Union Insurance Company
436 Walnut Street
Philadelphia, PA 19106

Via Superintendent of Insurance

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
----------------------------------------X
SENIOR LIVING OPTIONS, INC. and MELROSE
AVENUE ASSOCIATES, L.P.,

                    Plaintiff,        **VERIFIED COMPLAINT**

                  3 0 1 3 1 0 /11

      -against-            Index No.

                                 **FEB 1 4 2011**
ILLINOIS UNION INSURANCE COMPANY,

                  Defendants.

----------------------------------------X

    Plaintiff Senior Living Options, Inc. and Melrose Avenue Associates, L.P., by SMITH MAZURE DIRECTOR WILKINS YOUNG & YAGERMAN, P.C., as and for the verified complaint for declaratory judgment herein, respectfully sets forth and alleges, upon information, as follows:

### *JURISDICTION AND BACKGROUND*

    1.    At all times hereinafter mentioned, the plaintiffs, Senior Living Options, Inc. and Melrose Avenue Associates, L.P. ("Plaintiffs")were and still are business entities doing business in the State of New York.

    2.    At all times hereinafter mentioned, the defendant, Illinois Union Insurance Company ("Defendant") was and is still a company authorized to issue policies of insurance in the State of New York.

    3.    This action arises out of transactions or occurrences in the County of Bronx, City of New York, State of New York.

- 3 -

BACKGROUND AND ALLEGATIONS

4.   In or about February 6, 2006, Baye Ndaiye was performing work at 404 West 158th Street, Bronx, New York also known as "the worksite". It was during the course of this work wherein it was alleged that Baye Nyaide, an employee of Ro-Sal Plumbing & Heating, Inc. (Ro-Sal), sets forth that he was injured on or about February 6, 2006, while in the course of employment for Ro-Sal.

5.   Baye Nyaide brought a personal injury action entitled Baye Nyaide v Joy Construction Corp. and Senior Living Options, Inc., in the Supreme Court, State of New York County of Bronx, under index number 301405/07 (hereinafter called "underlying action").

6.   Defendant issued a policy of insurance to Joy Construction, Inc., which provided coverage to Plaintiffs herein, for the dates of occurrence set forth in the underlying action (Joy Construction Inc. hereinafter referred to as "named insured") under policy number G2200122A001 effective November 7, 2005 to November 7, 2006(hereinafter referred to as "the ILU Policy").

7.   The named insured was the contractor for work performed at the worksite on February 6, 2006.

8.   Prior to February 6, 2006, the named insured entered into a contract with Plaintiffs for the work being performed at the time Baye Nyaide was allegedly injured.

- 4 -

9.   The contract Melrose Avenue Associates LLP ("Melrose") entered into with the named insured prior to February 6, 2006 for work to be performed at the worksite was in full force and effect on February 6, 2006.

10.   The named insured was required to provide additional insured coverage for Melrose and Senior.

11.   The contract entered into between the named insured and Plaintiffs required the named insured to procure insurance with specified limits naming Plaintiffs as additional insureds.

12.   Under the terms of the General Liability policy of insurance issued by Defendant, Plaintiffs herein are additional insureds under said policies.

13.   The named insured subcontracted with Ro-Sal for work to be performed at the worksite inclusive of February 6, 2006.

14.   This matter was timely tendered to the Defendant by and on behalf of the Plaintiffs herein, seeking coverage under said policy of insurance as additional insureds for the occurrences set forth in the underlying action.

15.   Defendant have failed to acknowledge their obligations to provide coverage to the plaintiffs herein, in the underlying action.

16.   Defendant did not provide a proper denial of coverage in a timely fashion.

17. Defendant issued a denial of coverage based upon the named insured's late notice which was an improper denial as to Plaintiffs.

18. Defendant did not issue a denial based upon Plaintiffs' additional insured status.

### AS AND FOR A FIRST CAUSE OF ACTION

19. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in the paragraphs "1" through "18" of the complaint, inclusive, with the same force and effect as if set forth at length herein.

20. In the instant matter, Plaintiffs in the underlying action have set forth in the underlying complaint, against the Plaintiffs herein, allegations which on the four corners of the complaint are covered allegations under the ILU Policy of insurance issued by Defendants.

21. The ILU Policy issued by Defendant herein provides coverage in favor of Plaintiffs herein for the claims asserted in the underlying action. That coverage consists of duties of defense and indemnity running in favor of Plaintiffs herein.

22. The ILU Policy at issue herein provide coverage for Plaintiffs' defense costs arising our of the underlying action.

23. Defendant has failed to honor its obligations to Plaintiffs.

24. The refusal by Defendant to honor its obligations by providing Plaintiffs with defense and indemnity constitutes an actual breach of contract.

25. As a result of the foregoing, Plaintiffs have suffered and will continue to suffer direct and consequential harm and expenses.

## AS AND FOR A SECOND CAUSE OF ACTION

26. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in the paragraphs "1" through "25" of the complaint, inclusive, with the same force and effect as if set forth at length herein.

27. ILU Policy at issue in this litigation provides defense and indemnity coverage on behalf of Plaintiffs herein with respect to the claims asserted in the underlying action.

28. Plaintiffs herein tendered the underlying action to Defendant for the purpose of receiving defense and indemnity coverage.

29. Upon information and belief, Defendant have refused to provide Plaintiffs herein with the coverage they are entitled to under the subject policies of insurance.

30. As a result of the foregoing, an actual and justiciable controversy exists between Plaintiffs and Defendant regarding the Defendants' obligation under the policies as respects to the underlying action.

31. Defendant's obligation of defense includes the cost of defense from the date of tender and continuing until the conclusion of the underlying litigation

32. The obligation owed by Defendant to Plaintiffs herein for coverage is primary to any other coverage which may exist on behalf of Plaintiffs herein.

33. Plaintiffs herein seek a declaration that the policy of insurance issued by Defendant and which is the subject of this litigation, covers the claims brought against Plaintiffs herein in the underlying action and that Plaintiffs are owed a duty of defense and indemnity by Defendant under the subject policy with respect to those claims.

## AS AND FOR A THIRD CAUSE OF ACTION

34. Plaintiffs repeats, reiterates and realleges each and every allegation contained in the paragraphs "1" through "33" of the complaint, inclusive, with the same force and effect as if set forth at length herein

35. Defendant has failed to assert any coverage defense to Plaintiffs' request for additional insured status within a reasonable time as required by Insurance law section 3420 and the common law of New York.

36. Defendant has waived any right to assert against Plaintiffs herein that any exclusionary provision exists as a basis for denying coverage to Plaintiffs herein.

37. Plaintiffs herein seek a declaration that the policy of insurance issued by Defendant and which is the subject of this litigation, covers the claims brought against Plaintiffs herein in the underlying action and that Plaintiffs are owed a duty of defense and indemnity by Defendant under the subject policy with respect to those claims.

WHEREFORE, Plaintiffs, SENIOR LIVING OPTIONS, INC. AND MELROSE AVENUE ASSOCIATES, L.P.,, demand judgment against the Defendants as follows:

A. With respect to the First Cause of Action, that this Court:

1. Determine and declare that the underlying action against Plaintiffs identified herein is covered under the insurance policy identified in this cause of action;

2. Determine and declare that pursuant to CPLR §3001, the Defendant is obligated under the within policy of insurance to defend the Plaintiffs herein in the underlying action to the full extent of the policy limits and to indemnify the plaintiffs herein for any judgement or settlement in the underlying action that would fall within the policy limits;

3. Determine and declare that Defendant has breached their obligations with the contract of insurance identified in this action;

4. Award money judgment to Plaintiffs in an amount to be determined as compensation with the costs and disbursements of this action;

5. Determine and declare that the Defendant is required to reimburse the Plaintiffs herein for all of its attorneys' fees, costs and other expenses incurred to date for the defense of the underlying action, as well as requiring payment for all attorneys' fees, costs and other expenses incurred by the Plaintiffs with regard to said underlying action;

6. Grant such other and further relief as this Court may deem just and equitable, including interest, costs and attorneys' fees.

B. With respect to the Second Cause of Action, that this Court:

1. Determine and declare that the underlying action against Plaintiffs herein is covered under the insurance policies identified in this cause of action;

2. Determine and declare that pursuant to CPLR §3001, the Defendant is obligated under the within described policy of insurance to the Plaintiffs herein in the underlying action to the full extent of the policy limits and to indemnify Plaintiffs herein for any judgment or settlement in the underlying action which would fall within the policy limits;

3. Determine and declare that Defendant has breached their obligations with the contract of insurance identified in this action;

4. Award money judgment to Plaintiffs in an amount to be determined as compensation with the costs and disbursements of this action;

5. Determine and declare that the Defendant is required to reimburse the Plaintiffs herein for all of its attorneys' fees, costs and other expenses incurred to date for the defense of the underlying action, as well as requiring payment for all attorneys' fees, costs and other expenses incurred by the Plaintiffs with regard to said underlying action;

6. Grant such other and further relief as this Court may deem just and equitable, including interest, costs and attorneys' fees.

C. With respect to the Third Cause of Action, that this Court:

1. Determine and declare that the underlying action against Plaintiffs herein is covered under the insurance policies identified in this cause of action;

2. Determine and declare that pursuant to CPLR §3001, the Defendant is obligated under within described policy of insurance to the Plaintiffs herein in the underlying action to the full

extent of the policy limits and to indemnify Plaintiffs herein for any judgment or settlement in the underlying action which would fall within the policy limits;

3. Determine and declare that Defendant has breached their obligations under the contracts of insurance identified in this action and have waived any right to assert an exclusionary provision;

4. Award money judgment to Plaintiffs in an amount to be determined as compensation with the costs and disbursements of this action;

5. Determine and declare that the Defendant is required to reimburse the Plaintiffs herein for all of its attorneys' fees, costs and other expenses incurred to date for the defense of the underlying action, as well as requiring payment for all attorneys' fees, costs and other expenses incurred by the Plaintiffs with regard to said underlying action;

6. Grant such other and further relief as this Court may deem just and equitable, including interest, costs and attorneys' fees.

*WHEREFORE,* plaintiffs demand judgment over and against
defendant and that this Court:

Dated: New York, New York
      February 10, 2011

                      *Yours, etc.,*
                      SMITH MAZURE DIRECTOR WILKINS
                      YOUNG & YAGERMAN, P.C.
                      Attorneys for Plaintiff
                      Senior Living Options, Inc. and Melrose
                      Avenue Associates, L.P.
                      111 John Street, 20th Floor
                      New York, New York 10038-3198
                      (212) 964-7400
                      Our File No.  ZUR-01604.1/LMC

1123091.wpd

- 13 -

## VERIFICATION

LOUISE M. CHERKIS, an attorney duly admitted to practice law in the State of New York, hereby affirms the truth of the following under penalty of perjury and pursuant to CPLR 2106:

I am associated with of Smith Mazure Director Wilkins Young & Yagerman, P.C., and I have read the contents of the foregoing and it is true of my own knowledge, except as to the matters therein stated to be alleged on information and belief and that as to those matters I believe them to be true.

(X)   I make this verification because plaintiff, SENIOR LIVING OPTIONS, INC. AND MELROSE AVENUE ASSOCIATES, L.P., resides outside of the county where Smith Mazure Director Wilkins Young & Yagerman, P.C. maintains its office.

(  )   I make this verification because plaintiff, SENIOR LIVING OPTIONS, INC. AND MELROSE AVENUE ASSOCIATES, L.P., is a corporation and Smith Mazure Director Wilkins Young & Yagerman, P.C., is its attorney in this action and my knowledge is based upon all facts and corporation records available and in my possession.

Dated:  New York, New York
        February 10, 2011

_____
LOUISE M. CHERKIS

- 14 -

INDEX NO.
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-----------------------------------X
SENIOR LIVING OPTIONS, INC. and MELROSE AVENUE ASSOCIATES, L.P.,

                                            Plaintiff,

                         -against-

ILLINOIS UNION INSURANCE COMPANY,

                                            Defendants.

-----------------------------------X

## SUMMONS AND VERIFIED COMPLAINT

**SMITH MAZURE DIRECTOR WILKINS
YOUNG & YAGERMAN, P.C.**
Attorneys for Plaintiff
Senior Living Options, Inc. and Melrose
Avenue Associates, L.P.
111 John Street, 20th Floor
New York, New York 10038-3198
(212) 964-7400
ZUR-01604.1/LMC

### CERTIFICATION PURSUANT TO 22 N.Y.C.R.R. §130-1.1a

    LOUISE M. CHERKIS hereby certifies that, pursuant to 22 N.Y.C.R.R. §130-1.1a, the foregoing Summons and Verified Complaint are not frivolous nor frivolously presented.

                                                                             LOUISE M. CHERKIS

Dated:   New York, New York
          February 10, 2011

*PLEASE TAKE NOTICE*

☐    *that the within is a true copy of a*          *entered in the office of the clerk of the within named Court*
    *on   .*

☐    *that a*        *of which the within is a true copy will be presented for settlement to the Hon. one of the*
    *judges of the within named Court at*      *, on at 9:30 a.m.*

**SMITH MAZURE DIRECTOR WILKINS YOUNG &
YAGERMAN, P.C.**
Attorneys for Plaintiff
Senior Living Options, Inc. and Melrose Avenue
Associates, L.P.
111 John Street, 20th Floor
New York, New York 10038-3198
(212) 964-7400
Our File No.  ZUR-01604.1/LMC

LMC/lmc
1123091.wpd

- 15 -

# EXHIBIT B



**INSURANCE DEPARTMENT**
**STATE OF NEW YORK**
**One Commerce Plaza**
**Albany, NY 12257**



STATE OF NEW YORK

Supreme Court, County of BRONX

301310/11

Senior Living Options, Inc. and Melrose Avenue Associates, L. P.     Plaintiff(s)

against

Defendant(s)

Illinois Union Insurance Company

RE :Illinois Union Insurance Company

Attorney for Plaintiff(s) and Defendant(s) please take notice as follows :

Attorney for Plaintiff(s) is hereby advised of acknowledgement of service upon this Department Summons and Verified Complaint in the above entitled action on February 16, 2011 at New York, New York. The $ 40.00 fee is also acknowledged.

Pursuant to Section 1213 of the Insurance Law, said process is being forwarded to at its last known principal place of business. is not authorized to do business in this State and you are advised that, while such service is accepted and being forwarded to the company, it is your duty to determine whether this is a proper service under Section 1213 of the Insurance Law.

Original to Attorney for Plaintiff(s):

Smith Mazure Director Wilkins Young & Yagerman, P. C.
111 John Street
20th Floor
New York, New York 10038-3198

Pursuant to the requirement of section 1213 of the Insurance Law, Defendant (s) is hereby notified of service as effected above . A copy of the paper is enclosed .

Duplicate to Defendant :

Illinois Union Insurance Company
436 Walnut Street
Philadelphia, Pennsylvania 19106

*Clark J. Williams*

**Clark J. Williams**
**Special Deputy Superintendent**

Dated Albany, New York, February 23, 2011
485878

# EXHIBIT C

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

---

SENIOR LIVING OPTIONS, INC. AND MELROSE
AVENUE ASSOCIATES, L.P,

                    Plaintiffs,

   v.                                                    Index No. 301310/11

ILLINOIS UNION INSURANCE COMPANY,

                    Defendant.

---

## <u>NOTICE OF FILING OF NOTICE OF REMOVAL</u>

PLEASE TAKE NOTICE that on March 15, 2011, Illinois Union Insurance

Company filed a Notice of Removal under 28 U.S.C. 1446 removing this action to the United

States District Court for Southern District of New York. The action is being removed from the

Supreme Court of the State of New York, County of Bronx, Index No. 301310/11. A copy of the

Notice of Removal, with exhibits is attached as **Exhibit A.**

Dated:     Buffalo, New York
            March 15, 2011

                                  **HODGSON RUSS**
                                  *Attorneys for Defendant Illinois Union Insurance*
                                  *Company*

               By:     *Alba Alessandro*
                     Alba Alessandro (AA 0048)
                     *aalessandro@hodgsonruss.com*
                     Kathleen M. Kaczor (KK 6754)
                     *kkaczor@hodgsonruss.com*
                     The Guaranty Building
                     140 Pearl Street, Suite 100
                     Buffalo, New York 14202-4040
                     (716) 856-4000

TO:     Smith Mazure Director Wilkins
        Young & Yagerman, P.C.
        *Attorneys for Senior Living Options, Inc. and*
        *Melrose Avenue Associates, L.P*
        111 John Street, 20th Floor
        New York, New York 10038-3198
        (212) 964-7400.

# EXHIBIT D

# NYS Department of State

## Division of Corporations

### Entity Information

The information contained in this database is current through March 7, 2011.

Selected Entity Name: SENIOR LIVING OPTIONS, INC.
Selected Entity Status Information

**Current Entity Name:** SENIOR LIVING OPTIONS, INC.
**Initial DOS Filing Date:** FEBRUARY 23, 1998
**County:** NEW YORK
**Jurisdiction:** NEW YORK
**Entity Type:** DOMESTIC NOT-FOR-PROFIT CORPORATION
**Current Entity Status:** ACTIVE

Selected Entity Address Information

**DOS Process (Address to which DOS will mail process if accepted on behalf of the entity)**
SENIOR LIVING OPTIONS, INC.
& SPELLANE LLC
708 THIRD AVENUE 26TH FLOOR
NEW YORK, NEW YORK, 10017

**Registered Agent**

NONE

This office does not record information regarding
the names and addresses of officers, shareholders or
directors of nonprofessional corporations except the
chief executive officer, if provided, which would be
listed above. Professional corporations must include
the name(s) and address(es) of the initial officers,
directors, and shareholders in the initial certificate
of incorporation, however this information is not
recorded and only available by viewing the
certificate.

**\*Stock Information**

| # of Shares | Type of Stock | $ Value per Share |
| --- | --- | --- |
| | No Information Available | |

*Stock information is applicable to domestic business corporations.

## Name History

| Filing Date | Name Type | Entity Name |
|---|---|---|
| FEB 23, 1998 | Actual | SENIOR LIVING OPTIONS, INC. |

A **Fictitious** name must be used when the **Actual** name of a foreign entity is unavailable for use in New York State. The entity must use the fictitious name when conducting its activities or business in New York State.

NOTE: New York State does not issue organizational identification numbers.

Search Results      New Search

Services/Programs | Privacy Policy | Accessibility Policy | Disclaimer | Return to DOS Homepage | Contact Us

# EXHIBIT E

# NYS Department of State

## Division of Corporations

### Entity Information

The information contained in this database is current through March 7, 2011.

Selected Entity Name: MELROSE AVENUE ASSOCIATES, L.P.
Selected Entity Status Information

| | |
|---|---|
| **Current Entity Name:** | MELROSE AVENUE ASSOCIATES, L.P. |
| **Initial DOS Filing Date:** | AUGUST 11, 2003 |
| **County:** | NEW YORK |
| **Jurisdiction:** | NEW YORK |
| **Entity Type:** | DOMESTIC LIMITED PARTNERSHIP |
| **Current Entity Status:** | ACTIVE |

Selected Entity Address Information

**DOS Process (Address to which DOS will mail process if accepted on behalf of the entity)**
GILBRIDE, TUSA, LAST & SPELLANE LLC
ATTN: ERIC H. SELTZER
708 THIRD AVE., 26TH FL
NEW YORK, NEW YORK, 10017

Registered Agent

NONE

**\*Stock Information**

| # of Shares | Type of Stock | $ Value per Share |
|---|---|---|
| | No Information Available | |

\*Stock information is applicable to domestic business corporations.

Name History

| Filing Date | Name Type | Entity Name |
|---|---|---|
| AUG 11, 2003 | Actual | MELROSE AVENUE ASSOCIATES, L.P. |

A **Fictitious** name must be used when the **Actual** name of a foreign entity is unavailable for use in New York State. The entity must use the fictitious name when conducting its activities or business in New

York State.

NOTE: New York State does not issue organizational identification numbers.

Search Results                    New Search

Services/Programs  |  Privacy Policy  |  Accessibility Policy  |  Disclaimer  |  Return to DOS Homepage  |  Contact Us

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SENIOR LIVING OPTIONS, INC. AND
MELROSE AVENUE ASSOCIATES, L.P,

Plaintiff,

v.                                                     Civil No.:

ILLINOIS UNION INSURANCE COMPANY,

Defendant.

---

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK        )
                         : ss.
COUNTY OF  NEW YORK      )

Amy K. Hawk, duly sworn, deposes and says:

1.      I am an **employee** with Hodgson Russ LLP.

2.      I am over the age of 18.

3.      On March 15, 2011 I caused to be served, by first-class mail postage
        prepaid, the Notice of Removal, on:

        SMITH MAZURE DIRECTOR WILKINS
        YOUNG & YAGERMAN, P.C.
        Attorneys for Plaintiffs Senior Living
        Options, Inc. and Melrose Avenue
        Associates, L.P.
        111 John Street, 20th Floor
        New York, New York  10038-3198

Amy K. Hawk

Sworn to before me this
15th day of March, 2011.

Notary Public
NERI M. CALDERON
Notary Public, State of New York
0001600/0113/1Lit1000702860/v1
No. 01CA6118625
Qualified in Kings County
Commission Expires Nov. 15, 2012