SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

*Date Filed:*

3 0 1 3 1 0/₁₁

------------------------------------------X
SENIOR LIVING OPTIONS, INC. and MELROSE
AVENUE ASSOCIATES, L.P.,

**SUMMONS**

FEB 1 4 2011

Plaintiff,

Index No.
*Plaintiff   designates
County of Bronx as the
place of trial*

-against-

ILLINOIS UNION INSURANCE COMPANY, 2-16-2011

*The basis of venue is
plaintiffs' place of
business*

C/o SUP'T OF INSURANCE        Defendants.
25 BEAVER ST (4FL)
NY NY

------------------------------------------X

**_TO THE ABOVE-NAMED DEFENDANTS:_**

    **YOU ARE HEREBY SUMMONED,** to answer the Complaint of the

Plaintiffs, SENIOR LIVING OPTIONS, INC. AND MELROSE AVENUE

ASSOCIATES, L.P., herewith served upon you and to serve copies of

your answer on the attorney for Plaintiffs at its address stated

below.

    If this Summons was personally served upon you in the State

of New York, the Answer must be served within twenty (20) days

after such service, excluding the date of service.  If the Summons

was not personally delivered to you within the State of New York,

the answer must be served within thirty (30) days after service of

the Summons is complete as provided by law.

    If you do not serve an Answer to the attached Complaint

within the applicable time limitation stated above, a judgment may

be entered against you, by default, for the relief demanded in the

RECEIVED

FEB 2 8 2011

ACE INCOMING LEGAL

Complaint.

Dated:  New York, New York
        February 10, 2011

                                    *Yours, etc.,*

                                    SMITH MAZURE DIRECTOR WILKINS
                                    YOUNG & YAGERMAN, P.C.
                                    Attorneys for Plaintiff
                                    Senior Living Options, Inc. and Melrose
                                    Avenue Associates, L.P.
                                    111 John Street, 20th Floor
                                    New York, New York 10038-3198
                                    (212) 964-7400
                                    Our File No.  ZUR-01604.1/LMC

**Defendant's Address for Service:**

**Via Process Server**

Illinois Union Insurance Company
436 Walnut Street
Philadelphia, PA 19106

Via Superintendent of Insurance

- 2 -

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
----------------------------------------X
SENIOR LIVING OPTIONS, INC. and MELROSE
AVENUE ASSOCIATES, L.P.,

                     Plaintiff,        **VERIFIED COMPLAINT**
                                         3 0 1 3 1 0 /11

         -against-                Index No.

                                         **FEB 14 2011**
ILLINOIS UNION INSURANCE COMPANY,

                     Defendants.

----------------------------------------X

       Plaintiff Senior Living Options, Inc. and Melrose Avenue Associates, L.P., by SMITH MAZURE DIRECTOR WILKINS YOUNG & YAGERMAN, P.C., as and for the verified complaint for declaratory judgment herein, respectfully sets forth and alleges, upon information, as follows:

### JURISDICTION AND BACKGROUND

       1.   At all times hereinafter mentioned, the plaintiffs, Senior Living Options, Inc. and Melrose Avenue Associates, L.P. ("Plaintiffs")were and still are business entities doing business in the State of New York.

       2.   At all times hereinafter mentioned, the defendant, Illinois Union Insurance Company ("Defendant") was and is still a company authorized to issue policies of insurance in the State of New York.

       3.   This action arises out of transactions or occurrences in the County of Bronx, City of New York, State of New York.

- 3 -

BACKGROUND AND ALLEGATIONS

4.   In or about February 6, 2006, Baye Ndaiye was performing work at 404 West 158th Street, Bronx, New York also known as "the worksite". It was during the course of this work wherein it was alleged that Baye Nyaide, an employee of Ro-Sal Plumbing & Heating, Inc. (Ro-Sal), sets forth that he was injured on or about February 6, 2006, while in the course of employment for Ro-Sal.

5.   Baye Nyaide brought a personal injury action entitled Baye Nyaide v Joy Construction Corp. and Senior Living Options, Inc., in the Supreme Court, State of New York County of Bronx, under index number 301405/07 (hereinafter called "underlying action").

6.   Defendant issued a policy of insurance to Joy Construction, Inc., which provided coverage to Plaintiffs herein, for the dates of occurrence set forth in the underlying action (Joy Construction Inc. hereinafter referred to as "named insured") under policy number G2200122A001 effective November 7, 2005 to November 7, 2006 (hereinafter referred to as "the ILU Policy").

7.   The named insured was the contractor for work performed at the worksite on February 6, 2006.

8.   Prior to February 6, 2006, the named insured entered into a contract with Plaintiffs for the work being performed at the time Baye Nyaide was allegedly injured.

- 4 -

9.   The contract Melrose Avenue Associates LLP ("Melrose") entered into with the named insured prior to February 6, 2006 for work to be performed at the worksite was in full force and effect on February 6, 2006.

10.   The named insured was required to provide additional insured coverage for Melrose and Senior.

11.   The contract entered into between the named insured and Plaintiffs required the named insured to procure insurance with specified limits naming Plaintiffs as additional insureds.

12.   Under the terms of the General Liability policy of insurance issued by Defendant, Plaintiffs herein are additional insureds under said policies.

13.   The named insured subcontracted with Ro-Sal for work to be performed at the worksite inclusive of February 6, 2006.

14.   This matter was timely tendered to the Defendant by and on behalf of the Plaintiffs herein, seeking coverage under said policy of insurance as additional insureds for the occurrences set forth in the underlying action.

15.   Defendant have failed to acknowledge their obligations to provide coverage to the plaintiffs herein, in the underlying action.

16.   Defendant did not provide a proper denial of coverage in a timely fashion.

- 5 -

17. Defendant issued a denial of coverage based upon the named insured's late notice which was an improper denial as to Plaintiffs.

18. Defendant did not issue a denial based upon Plaintiffs' additional insured status.

### AS AND FOR A FIRST CAUSE OF ACTION

19. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in the paragraphs "1" through "18" of the complaint, inclusive, with the same force and effect as if set forth at length herein.

20. In the instant matter, Plaintiffs in the underlying action have set forth in the underlying complaint, against the Plaintiffs herein, allegations which on the four corners of the complaint are covered allegations under the ILU Policy of insurance issued by Defendants.

21. The ILU Policy issued by Defendant herein provides coverage in favor of Plaintiffs herein for the claims asserted in the underlying action. That coverage consists of duties of defense and indemnity running in favor of Plaintiffs herein.

22. The ILU Policy at issue herein provide coverage for Plaintiffs' defense costs arising our of the underlying action.

23. Defendant has failed to honor its obligations to Plaintiffs.

24. The refusal by Defendant to honor its obligations by providing Plaintiffs with defense and indemnity constitutes an actual breach of contract.

25. As a result of the foregoing, Plaintiffs have suffered and will continue to suffer direct and consequential harm and expenses.

## AS AND FOR A SECOND CAUSE OF ACTION

26. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in the paragraphs "1" through "25" of the complaint, inclusive, with the same force and effect as if set forth at length herein.

27. ILU Policy at issue in this litigation provides defense and indemnity coverage on behalf of Plaintiffs herein with respect to the claims asserted in the underlying action.

28. Plaintiffs herein tendered the underlying action to Defendant for the purpose of receiving defense and indemnity coverage.

29. Upon information and belief, Defendant have refused to provide Plaintiffs herein with the coverage they are entitled to under the subject policies of insurance.

30. As a result of the foregoing, an actual and justiciable controversy exists between Plaintiffs and Defendant regarding the Defendants' obligation under the policies as respects to the underlying action.

31.  Defendant's obligation of defense includes the cost of defense from the date of tender and continuing until the conclusion of the underlying litigation

32.  The obligation owed by Defendant to Plaintiffs herein for coverage is primary to any other coverage which may exist on behalf of Plaintiffs herein.

33.  Plaintiffs herein seek a declaration that the policy of insurance issued by Defendant and which is the subject of this litigation, covers the claims brought against Plaintiffs herein in the underlying action and that Plaintiffs are owed a duty of defense and indemnity by Defendant under the subject policy with respect to those claims.

## AS AND FOR A THIRD CAUSE OF ACTION

34.  Plaintiffs repeats, reiterates and realleges each and every allegation contained in the paragraphs "1" through "33" of the complaint, inclusive, with the same force and effect as if set forth at length herein

35.  Defendant has failed to assert any coverage defense to Plaintiffs' request for additional insured status within a reasonable time as required by Insurance law section 3420 and the common law of New York.

36.  Defendant has waived any right to assert against Plaintiffs herein that any exclusionary provision exists as a basis for denying coverage to Plaintiffs herein.

- 8 -

37. Plaintiffs herein seek a declaration that the policy of insurance issued by Defendant and which is the subject of this litigation, covers the claims brought against Plaintiffs herein in the underlying action and that Plaintiffs are owed a duty of defense and indemnity by Defendant under the subject policy with respect to those claims.

WHEREFORE, Plaintiffs, SENIOR LIVING OPTIONS, INC. AND MELROSE AVENUE ASSOCIATES, L.P.,, demand judgment against the Defendants as follows:

A. With respect to the First Cause of Action, that this Court:

1. Determine and declare that the underlying action against Plaintiffs identified herein is covered under the insurance policy identified in this cause of action;

2. Determine and declare that pursuant to CPLR §3001, the Defendant is obligated under the within policy of insurance to defend the Plaintiffs herein in the underlying action to the full extent of the policy limits and to indemnify the plaintiffs herein for any judgement or settlement in the underlying action that would fall within the policy limits;

3. Determine and declare that Defendant has breached their obligations with the contract of insurance identified in this action;

4.   Award money judgment to Plaintiffs in an amount to be determined as compensation with the costs and disbursements of this action;

5.   Determine and declare that the Defendant is required to reimburse the Plaintiffs herein for all of its attorneys' fees, costs and other expenses incurred to date for the defense of the underlying action, as well as requiring payment for all attorneys' fees, costs and other expenses incurred by the Plaintiffs with regard to said underlying action;

6.   Grant such other and further relief as this Court may deem just and equitable, including interest, costs and attorneys' fees.

B. With respect to the Second Cause of Action, that this Court:

1.   Determine and declare that the underlying action against Plaintiffs herein is covered under the insurance policies identified in this cause of action;

2.   Determine and declare that pursuant to CPLR §3001, the Defendant is obligated under the within described policy of insurance to the Plaintiffs herein in the underlying action to the full extent of the policy limits and to indemnify Plaintiffs herein for any judgment or settlement in the underlying action which would fall within the policy limits;

3.    Determine and declare that Defendant has breached their obligations with the contract of insurance identified in this action;

4.    Award money judgment to Plaintiffs in an amount to be determined as compensation with the costs and disbursements of this action;

5.    Determine and declare that the Defendant is required to reimburse the Plaintiffs herein for all of its attorneys' fees, costs and other expenses incurred to date for the defense of the underlying action, as well as requiring payment for all attorneys' fees, costs and other expenses incurred by the Plaintiffs with regard to said underlying action;

6.    Grant such other and further relief as this Court may deem just and equitable, including interest, costs and attorneys' fees.

C. With respect to the Third Cause of Action, that this Court:

1.    Determine and declare that the underlying action against Plaintiffs herein is covered under the insurance policies identified in this cause of action;

2.    Determine and declare that pursuant to CPLR §3001, the Defendant is obligated under within described policy of insurance to the Plaintiffs herein in the underlying action to the full

extent of the policy limits and to indemnify Plaintiffs herein for any judgment or settlement in the underlying action which would fall within the policy limits;

3.   Determine and declare that Defendant has breached their obligations under the contracts of insurance identified in this action and have waived any right to assert an exclusionary provision;

4.   Award money judgment to Plaintiffs in an amount to be determined as compensation with the costs and disbursements of this action;

5.   Determine and declare that the Defendant is required to reimburse the Plaintiffs herein for all of its attorneys' fees, costs and other expenses incurred to date for the defense of the underlying action, as well as requiring payment for all attorneys' fees, costs and other expenses incurred by the Plaintiffs with regard to said underlying action;

6.   Grant such other and further relief as this Court may deem just and equitable, including interest, costs and attorneys' fees.

**WHEREFORE,** plaintiffs demand judgment over and against

defendant and that this Court:

Dated: New York, New York
       February 10, 2011

                    *Yours, etc.,*
                    SMITH MAZURE DIRECTOR WILKINS
                    YOUNG & YAGERMAN, P.C.
                    Attorneys for Plaintiff
                    Senior Living Options, Inc. and Melrose
                    Avenue Associates, L.P.
                    111 John Street, 20th Floor
                    New York, New York 10038-3198
                    (212) 964-7400
                    Our File No.  ZUR-01604.1/LMC

1123091.wpd

- 13 -

## VERIFICATION

LOUISE M. CHERKIS, an attorney duly admitted to practice law in the State of New York, hereby affirms the truth of the following under penalty of perjury and pursuant to CPLR 2106:

I am associated with of Smith Mazure Director Wilkins Young & Yagerman, P.C., and I have read the contents of the foregoing and it is true of my own knowledge, except as to the matters therein stated to be alleged on information and belief and that as to those matters I believe them to be true.

(X)  I make this verification because plaintiff, SENIOR LIVING OPTIONS, INC. AND MELROSE AVENUE ASSOCIATES, L.P., resides outside of the county where Smith Mazure Director Wilkins Young & Yagerman, P.C. maintains its office.

(  )  I make this verification because plaintiff, SENIOR LIVING OPTIONS, INC. AND MELROSE AVENUE ASSOCIATES, L.P., is a corporation and Smith Mazure Director Wilkins Young & Yagerman, P.C., is its attorney in this action and my knowledge is based upon all facts and corporation records available and in my possession.

Dated:  New York, New York
        February 10, 2011

_____
LOUISE M. CHERKIS

- 14 -

INDEX NO.
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------X
SENIOR LIVING OPTIONS, INC. and MELROSE AVENUE ASSOCIATES, L.P.,

                                    Plaintiff,

                    -against-

ILLINOIS UNION INSURANCE COMPANY,

                                    Defendants.

-------------------------------------X

## SUMMONS AND VERIFIED COMPLAINT

**SMITH MAZURE DIRECTOR WILKINS
YOUNG & YAGERMAN, P.C.**
Attorneys for Plaintiff
Senior Living Options, Inc. and Melrose
Avenue Associates, L.P.
111 John Street, 20th Floor
New York, New York 10038-3198
(212) 964-7400
ZUR-01604.1/LMC

## CERTIFICATION PURSUANT TO 22 N.Y.C.R.R. §130-1.1a

LOUISE M. CHERKIS hereby certifies that, pursuant to 22 N.Y.C.R.R. §130-1.1a, the foregoing Summons
and Verified Complaint are not frivolous nor frivolously presented.

                                                    _____
                                                    LOUISE M. CHERKIS

Dated:     New York, New York
           February 10, 2011

## PLEASE TAKE NOTICE

☐     that the within is a true copy of a              entered in the office of the clerk of the within named Court
      on        .

☐     that a           of which the within is a true copy will be presented for settlement to the Hon. one of the
      judges of the within named Court at                        , on at 9:30 a.m.

                              SMITH MAZURE DIRECTOR WILKINS YOUNG &
                                          YAGERMAN, P.C.
                                       Attorneys for Plaintiff
                          Senior Living Options, Inc. and Melrose Avenue
                                         Associates, L.P.
                                111 John Street, 20th Floor
                               New York, New York 10038-3198
                                         (212) 964-7400
                                  Our File No.  ZUR-01604.1/LMC

LMC/lmc
1123091.wpd

- 15 -