UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SENIOR LIVING OPTIONS, INC. AND MELROSE
AVENUE ASSOCIATES, L.P,

        Plaintiffs,

 v.                  Civil No. 1:11-civ-01791
                      (PGG) (ECF)

ILLINOIS UNION INSURANCE COMPANY,

        Defendant.

---

## ANSWER

    Defendant Illinois Union Insurance Company ("Illinois Union"), through its attorneys, Hodgson Russ LLP, for its answer to the complaint:

### JURISDICTION AND BACKGROUND

    1.  Admits that Senior Living Options, Inc. ("Senior Living") and Melrose Avenue Associates, L.P. ("Melrose") are registered with the New York State Department of State as domestic corporations. Denies knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 1.

    2.  Denies the allegations in paragraph 2. In further response, Illinois Union is a foreign corporation with a principal place of business in the State of Illinois. Illinois Union was and is an eligible excess line insurer from whom policies may be procured by a licensed excess line broker as provided by New York Insurance Law § 2118.

    3.  Denies knowledge or information sufficient to form a belief as to the allegations in paragraph 3.

## BACKGROUND AND ALLEGATIONS

4. Denies knowledge or information sufficient to form a belief as to the allegations in paragraph 4.

5. Denies knowledge or information sufficient to form a belief as to the allegations in paragraph 4.

6. Respectfully avers that legal conclusions require no response and otherwise denies the allegations of paragraph 6.

7. Denies knowledge or information sufficient to form a belief as to the allegations in paragraph 7.

8. Denies knowledge or information sufficient to form a belief as to the allegations in paragraph 8.

9. Respectfully avers that legal conclusions require no response. In further response, denies knowledge or information sufficient to form a belief as to the allegations in paragraph 9.

10. Respectfully avers that legal conclusions require no response. In further response, denies knowledge or information sufficient to form a belief as to the allegations in paragraph 10.

11. Respectfully avers that legal conclusions require no response. In further response, denies knowledge or information sufficient to form a belief as to the allegations in paragraph 11.

12. Respectfully avers that legal conclusions require no response. In further response, denies the allegations in paragraph 12.

13. Denies knowledge or information sufficient to form a belief as to the allegations in paragraph 13.

14. Denies the allegations in paragraph 14.

15. Denies the allegations in paragraph 15.

16. Denies the allegations in paragraph 16.

17. Denies the allegations in paragraph 17.

18. Denies the allegations in paragraph 18.

**AS AND FOR A FIRST CAUSE OF ACTION**

19. Repeats and realleges its responses to these paragraphs.

20. Denies the allegations in paragraph 20.

21. Denies the allegations in paragraph 21.

22. Respectfully avers that legal conclusions require no response and otherwise denies the allegations in paragraph 22.

23. Denies the allegations in paragraph 23.

24. Respectfully avers that legal conclusions require no response and otherwise denies the allegations in paragraph 24.

25. Denies the allegations in paragraph 25.

## AS AND FOR A SECOND CAUSE OF ACTION

26. Repeats and realleges its responses to these paragraphs.

27. Respectfully avers that legal conclusions require no response and denies the allegations in paragraph 27.

28. Denies the allegations of paragraph 28 as written, but respectfully avers in response to paragraph 28 that Plaintiffs made an untimely tender of the underlying action to Illinois Union under Policy No. G2200170A 001 with a demand for defense and indemnity.

29. Respectfully avers that legal conclusions require no response and denies the allegations in paragraph 29.

30. Admits so much of paragraph 30 as alleges that there is an actual controversy as to whether Illinois Union has any obligation to the Plaintiffs under the Illinois Union policy for defense and/or indemnity in connection with the underlying action, but denies the remaining allegations of paragraph 30.

31. Denies the allegations in paragraph 31.

32. Respectfully avers that legal conclusions require no response. In further response, denies the allegations in paragraph 32.

33. Respectfully avers that legal conclusions require no response. In further response, denies the allegations in paragraph 33.

## AS AND FOR A THIRD CAUSE OF ACTION

34. Repeats and realleges its responses to these paragraphs.

35. Denies the allegations in paragraph 35.

36. Denies the allegations in paragraph 36.

37. Respectfully avers that legal conclusions require no response. In further response, denies the allegations in paragraph 33.

38. Denies each and every allegation to which no specific response has been provided.

39. Denies that Plaintiffs are entitled to the relief requested in the WHEREFORE clause.

## DEFENSES

### FIRST DEFENSE

40. The complaint should be dismissed to the extent that it fails to state a cause of action.

### SECOND DEFENSE

41. Plaintiffs do not qualify as insureds or additional insured under the Illinois Union policy and the terms and conditions of any additional insured endorsement to the policy.

**THIRD DEFENSE**

42. The additional insured endorsement contained in the Illinois Union policy extends additional insured status only to a person or organization, as required by contract, but only with respect to liability arising out of "your work" for that insured by or for you.

**FOURTH DEFENSE**

43. Upon information and belief, plaintiffs are not entitled to additional insured coverage under the Illinois Union policy because the claims asserted against them do not arise out of, result from, nor were they caused by any work performed by Illinois Union's insured.

**FIFTH DEFENSE**

44. Plaintiffs have not established the existence or validity of an underlying contract, executed prior to loss, which required Illinois Union's insured to name Plaintiffs as additional insureds on the Illinois Union policy.

**SIXTH DEFENSE**

45. Any coverage that may be afforded to Plaintiffs under the Illinois Union policy is subject to all conditions, endorsements, coverages, coverage limits, limitations, exclusions, terms, and provisions contained in the policy.

**SEVENTH DEFENSE**

46. To the extent the Plaintiffs qualify as additional insureds, which Illinois Union denies, they have breached the terms, conditions, and provisions of the Illinois Union policy, thereby vitiating any coverage and absolving Illinois Union of any obligations to provide insurance coverage, defense, or indemnity.

**EIGHTH DEFENSE**

47. As a condition precedent to coverage, the Illinois Union policy required an insured to provide notice of an occurrence or offense which might result in a claim as soon as practicable.

48. To the extent Plaintiffs qualify as additional insureds, which Illinois Union denies, Plaintiffs breached this condition precedent of the Illinois Union policy.

**NINTH DEFENSE**

49. As a condition precedent to coverage, the Illinois Union policy required an insured to immediately send Illinois Union copies of any demands, notices, summons, and legal papers received in connection with a suit, record the specifics of a claim or "suit," and to provide written notice to Illinois Union as soon as practicable.

50. To the extent Plaintiffs qualify as additional insureds, which Illinois Union denies, Plaintiffs breached one or more of these conditions precedent to coverage under the Illinois Union policy.

**TENTH DEFENSE**

51. Under the Illinois Union policy, an insured may not voluntarily make a payment or incur any expense without Illinois Union's consent.

52. To the extent Plaintiffs qualify as additional insureds, which Illinois Union denies, Plaintiffs breached this condition of the Illinois Union policy.

**ELEVENTH DEFENSE**

53. If Plaintiffs qualify as an additional insured under the Illinois Union policy, which Illinois Union denies, they breached the Illinois Union policy by commencing legal action against Illinois Union without complying with the terms of the policy or otherwise failing to satisfy conditions precedent to the commencement of the lawsuit.

**TWELFTH DEFENSE**

54. Upon information and belief, Plaintiffs failed to minimize or mitigate their alleged damages, or their action or inaction has prejudiced Illinois Union.

**THIRTEENTH DEFENSE**

55. Plaintiffs breached their duties to give timely notice of occurrence, claim, and suit as required by the common law and the "Duties In The Event Of Occurrence, Offense, Claim or Suit" set forth in Section IV(2) of the Commercial General Liability Coverage Form portion of the Illinois Union policy.

**FOURTEENTH DEFENSE**

56. Upon information and belief, the Illinois Union policy is secondary or excess to all other available or collectible insurance.

**FIFTEENTH DEFENSE**

57. Upon information and belief, Plaintiffs lack privity of contract with Illinois Union.

## SIXTEENTH DEFENSE

58. To the extent Plaintiffs qualify as additional insureds, which Illinois Union denies, the Illinois Union policy is subject to its stated limits, deductibles, and retentions, among other provisions.

## SEVENTEENTH DEFENSE

59. To the extent Plaintiffs qualify as additional insureds under the Illinois Union policy, which Illinois Union denies, their other insurers are co-insurers with Illinois Union and are liable, in whole or in part, for whatever damages, defense costs, or indemnity obligations Illinois Union may bear under principles of equitable subrogation, indemnity, or contribution; the "Other Insurance" clause(s) in any other applicable policy; or such other legal or equitable doctrines that might apply.

## EIGHTEENTH DEFENSE

60. Some or all of the Plaintiffs' claims against Illinois Union are barred by documentary evidence.

## NINETEENTH DEFENSE

61. Illinois Union is not waiving any policy defenses which may exist or which may later become known, under this or any policy implicated by the underlying ccurrences, claims, or suit. Illinois Union reserves all rights to assert additional defenses that may become known to it as its investigation and discovery in this matter progresses.

WHEREFORE, Illinois Union demands judgment as follows:

a. Dismissal, with prejudice, of the complaint;

b. Costs and disbursements;

c. A judgment declaring that Plaintiffs are not additional insureds under the Illinois Union policy and that Illinois Union has no duty to defend or indemnify Plaintiffs in connection with the underlying action commenced against them by Baye Nyaide; and

d. Such other and further relief as the Court deems proper.

Dated: Buffalo, New York
March 21, 2011

**HODGSON RUSS LLP**
*Attorneys for Defendant*
*Illinois Union Insurance Company*

By: s/ Kathleen M. Kaczor
Kathleen M. Kaczor (KK 6754)
140 Pearl Street, Suite 100
Buffalo, New York 14202-4040
Telephone: (716) 856-4000
E-Mail: *kkaczor@hodgsonruss.com*

**TO:** **SMITH MAZURE DIRECTOR WILKINS YOUNG & YAGERMAN, P.C.**
*Attorneys for Plaintiffs Senior Living Options, Inc.*
*and Melrose Avenue Associates, L.P.*
(Louise M. Cherkis, of Counsel)
111 John Street, 20th Floor
New York, New York 10038-3198
(212) 964-7400